PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK J. MEZNARICH, SR., *et al.*, | ) | CASE NO. 1:10CV02532 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MORGAN WALDRON INSURANCE | ) | |
| MANAGEMENT, LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM AND ORDER OF** |
| Defendants. | ) | **OPINION** (Resolving ECF Nos. 21 & 23) |

## I. Introduction

Before the Court are Defendant Beverly Morgan and Defendant James Waldron's (Collectively "Defendants") Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 21; 23), which Plaintiffs Frank Meznarich, Patrick Shutic, and Cale Pearson (Collectively "Plaintiffs") oppose (ECF No. 27). After a review of the motions and the corresponding briefs, the Court denies the motions for the reasons detailed below.

## II. Background

In this putative class action, Plaintiffs seek to recover damages for unpaid healthcare claims and the increased cost of purchasing alternative healthcare insurance. ECF No. 19 at 7, ¶ 21. In the Amended Complaint, Plaintiffs assert three causes of action against Defendants. Count I alleges Breach of Fiduciary Duty, Count II alleges Violation of ERISA Plan, and Count III alleges Fraud. ECF No. 19 at 19-23. Defendants respectively filed motions to dismiss all three causes of action for failure to state a claim (ECF Nos. 21; 23), to which Plaintiffs filed an opposition. ECF No. 27.

(1:10CV02532)

### III. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" and must state a claim for relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (U.S. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009).

In deciding a motion to dismiss under Rule 12(b)(6), the court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### IV. Discussion

#### A. Breach of Fiduciary Duty

Defendants argue that the claim of Breach of Fiduciary Duty fails because Plaintiffs do not plead facts sufficient to establish that Defendants are fiduciaries under an ERISA Plan. ECF

-2-

(1:10CV02532)

Nos. 22 at 3-4; 24 at 4-5. Plaintiffs contend that they allege numerous actions by Defendants that bring Defendants within the definition of a fiduciary under ERISA. ECF No. 27 at 7.

An individual is a fiduciary under ERISA:

'To the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.' 29 U.S.C. § 1002(21)(A).

Plaintiffs' amended complaint alleges that the ERISA Plan was created, maintained, and operated from Defendants' offices. ECF No. 19 at 6, ¶ 15. Plaintiffs claim that Defendants established the Voluntary Employee Benefit Trust to provide self-funded health benefits under the Plan, and entered into an agreement with a claims administrator to provide third party administration of claims in exchange for monthly fees. ECF No. 19 at 11, 13, ¶¶ 39, 48. Plaintiffs allege that Defendants failed to fully and timely deposit into the Trust the transfers from Plaintiffs' employer, First Energy; that Trust assets were commingled and diverted; and that Defendants were delinquent in funding claims. ECF No. 19 at 14, ¶¶ 50, 51.

Overall, the record reveals that Plaintiffs' amended complaint asserts sufficient facts to establish that Defendants exercised authority and control over the healthcare plan and that Defendants are fiduciaries as defined by ERISA. Accordingly, Defendants' Motions to Dismiss Count I are denied. *Iqbal*, 129 S.Ct. at 1949.

### B. Violation of ERISA Plan

Defendants argue that the Violation of the ERISA Plan claim must fail because Plaintiffs

(1:10CV02532)

do not plead facts in support of the allegation that Defendants are Plan Sponsors under ERISA. ECF Nos. 22 at 5; 24 at 5.  Plaintiffs contend, however, that they have alleged specific facts establishing Defendants as the Plan Sponsors.  ECF No. 27 at 10.

A Plan Sponsor under ERISA is defined as:

'(i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.' 29 U.S.C. § 1002(16)(B).

Plaintiffs' amended complaint alleges that the purported Plan Sponsor, Defendant American Workers Master Benefit Plan, Inc. ("AWMBP"), is a shell corporation without assets or business function that was created, maintained, and operated from Defendants' offices.  ECF No. 19 at 5-6, ¶¶ 14, 15.  To bolster these points, the amended complaint avers sufficient allegations of alter-ego relations between AWMBP and Defendants, establishing a plausible basis for claims against Defendants as Plan Sponsors.  ECF No. 27 at 10.  In addition, Plaintiffs allege that, in an email, Defendant Morgan admitted she was the Plan Sponsor.  ECF No. 19 at 12, ¶ 43.

Plaintiffs' amended complaint alleges facts that plausibly establish Defendants as Plan Sponsors.  Accordingly, Defendants' Motions to Dismiss Count II are denied.  *Iqbal*, 129 S.Ct. at 1949.

**C. Fraud**

Defendants argue that the Fraud claim must be dismissed because Plaintiffs fail to state

-4-

(1:10CV02532)

with particularity the required elements of a fraud claim. ECF Nos. 22 at 6; 24 at 6. Plaintiffs disagree. ECF No. 27 at 11.

Pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." The requirements of Rule 9(b) will generally be met when Plaintiffs offer sufficient detail-in terms of time, place, content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud. *United States ex rel. Snapp Inc. v. Ford Motor Company*, 532 F.3d 496, 504 (6th Cir. 2008).

The amended complaint alleges that, despite Defendants' representations of providing fully insured individual healthcare coverage, Defendants established the Trust to provide self-funded health benefits. ECF No. 19 at 11, ¶ 39. According to Plaintiffs, Defendants did not disclose the existence of the Trust and the decision to provide self-funded benefits during enrollment for healthcare benefits. ECF No. 10 at 11, ¶ 40. Plaintiffs allege that even after being contacted to explain the Trust, Defendants did not disclose that the Trust was being used to administer a self-funded benefits program and represented that the Trust was created to deliver money to the insurance company's account. ECF No. 19 at 12, ¶ 43. Plaintiffs assert that Defendants did not disclose the claims administrator's notice of termination of the claims administration agreement with Defendants, resulting in higher premium costs for Plaintiffs. ECF No. 19 at 15-16, ¶¶ 54, 56, 59.

The record reveals that Plaintiffs' complaint states, in sufficient detail, the time, place, content, and injury resulting from Defendants' alleged fraud. Because these claims, among other allegations, state with particularity Defendants' alleged fraud, Defendants' Motions to Dismiss

(1:10CV02532)

Count III are denied. *Iqbal*, 129 S.Ct. at 1949.

### V. Conclusion

For the reasons state above, the Court denies, on all counts, Defendant Beverly Morgan and Defendant James Waldron's Motions to Dismiss. ECF Nos. 21; 23.

IT IS SO ORDERED.

| | |
|---|---|
| June 17, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |