PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK J. MEZNARICH, SR., *et al.*, | ) | CASE NO. 1:10CV02532 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MORGAN WALDRON INSURANCE | ) | **MEMORANDUM OF OPINION &** |
| MANAGEMENT, LLC, *et al.*, | ) | **ORDER GRANTING DEFENDANTS** |
| | ) | **MOTION TO DISMISS AMENDED** |
| Defendants. | ) | **COMPLAINT** (Resolving ECF No. 34) |

## I. **Introduction**

Before the Court is Defendants American Workers Master Benefit Trust - UWUA Local

270 ( the "Trust"), PNC Investments, LLC, and The PNC Financial Services Group, Inc.

(Collectively "PNC Defendants") Motion to Dismiss Amended Complaint Pursuant to F.R.C.P.

12(b)(6). ECF No. 34.  PNC Bank National Association ("PNC Bank"), who is not a party to

this litigation, has joined the instant motion in support.  ECF No. 34.  Plaintiffs Frank Meznarich,

Patrick Shutic, and Cale Pearson (collectively "Plaintiffs") have filed a brief in opposition.  ECF

No. 57.  After a review of the motion and the corresponding briefs, the Court grants the motion

for the reasons detailed below.

## II. **Background**

In this putative class action, Plaintiffs seek to recover damages for unpaid healthcare

claims and the increased cost of purchasing alternative healthcare insurance.  ECF No. 19 at 7, ¶

21.  Plaintiffs specifically allege that they – along with similarly situated First Energy employees

represented by Local 270 UWUA – were deprived of their entitlement to receive certain health

(1:10CV02532)

care benefits under a health benefit plan (the "Plan").  ECF No. 19 at 16, ¶ 61.  Damages resulted

and Plaintiffs, therefore, initiated the instant action.

In the Amended Complaint, Plaintiffs assert three causes of action – Breach of Fiduciary

Duty, Violation of ERISA Plan, and Fraud – against the parties which are responsible for creating

and maintaining the Plan.  ECF No. 19 at 19-23.  While the Amended Complaint lacks specific

causes of actions against the Trust and PNC Defendants, Plaintiffs contend that joinder of the

movants in the instant action is proper pursuant to Fed. R. Civ. 19(a) because the Trust and PNC

Defendants are parties required to effectuate complete relief.  ECF No. 19 at 6, ¶¶ 16, 17.  The

Amended Complaint identifies Defendant American Workers Master Benefit Trust - UWUA

Local 270 as the Trust that held the fund assets for the Plan.  ECF No. 19 at 6, ¶ 16.  Contrary to

the Trust's disclosure statement, however, the Amended Complaint identifies Defendant PNC

Investments, LLC as the Trustee of the Trust and Defendant PNC Financial Services Group, Inc.

as its parent company.[1]  ECF No. 19 at 6, ¶ 17.

On January 11, 2011, the Trust, PNC Defendants, and PNC Bank, which is not a party to

the lawsuit – filed the instant motion to dismiss Plaintiffs' Amended Complaint.  ECF No. 34.

On February 9, 2011, Plaintiffs filed an opposition (ECF No. 57), to which the movants replied

(ECF No. 64).

---

[1]  The Trust's disclosure statement, filed six days before Plaintiffs' Amended Complaint, identifies PNC Bank, not the PNC Defendants, as the Trustee of the Trust.  ECF No. 16 at 1. The disclosure statement also identifies PNC Bank as a subsidiary of Defendant PNC Financial Services Group, Inc.  ECF No. 16 at 1.

2

(1:10CV02532)

### III.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" and must state a claim for relief that is plausible on its face.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (U.S. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009).  *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well pled allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

### IV.  Discussion

In their motion, the movants seek to dismiss the Amended Complaint on several grounds. The movants highlight that the Amended Complaint contains two erroneous assertions –

3

(1:10CV02532)

(1) Defendant PNC Investments, LLC, is a subsidiary of the PNC Financial Services Group, Inc. and (2) Defendant PNC Investments, LLC is the Trustee of the Trust.  ECF No. 35 at 3.  The movants also contend that even if the Court found Plaintiffs' allegations were true – that both parties were correctly identified – the PNC Defendants should be dismissed from the litigation because the Amended Complaint fails to state a cause of action against Defendant PNC Investments, LLC and lacks substantive factual allegations of any kind against Defendant PNC Financial Services Group, Inc.  ECF No. 35 at 3.  The movants further argue that the Trust must also be dismissed because a Trust is not a proper party to the litigation.  ECF No. 35 at 4.

Lastly, the movants identify PNC Bank as the current Trustee to the Trust, contrary to Plaintiffs' assertion, and urge the Court to dismiss any and all allegations against PNC Bank. ECF No. 35 at 3.  Under the guise that PNC Bank is the intended Defendant in this litigation, movants argue that Plaintiffs have failed to establish that PNC Bank is a Fiduciary or Plan Sponsor under ERISA as required to successfully assert Count I – Breach of Fiduciary Duty – and Count II – Violation of ERISA Plan.  ECF No. 35 at 5-6.  Moreover, the movants argue that Count III – Fraud – must be dismissed because it is not pled with sufficient particularity.  ECF No. 35 at 7.

In opposition, Plaintiffs request that the Court deny the instant motion because the movants' arguments lack merit.  First, Plaintiffs contend that the PNC Defendants are proper parties to this as action pursuant to Fed R. Civ. 19(a) because they control the Trust assets which are the subject of the litigation.  ECF No. 57 at 5-6.  To bolster this claim, Plaintiffs cite to case

4

(1:10CV02532)

law which indicates that a trustee is a proper Rule 19 party where it holds trust assets that would be subject to the orders of the Court.  *See Beverly Hills Federal Savings & Loan Association v. Webb*, 406 F.2d 1275, 1279-1280 (9th Cir. 1969).  Plaintiffs reject the movants' contention that the Amended Complaint must be dismissed against the PNC Defendants on the grounds that it lacks sufficient allegations specifically targeted towards them.  Plaintiffs assert that while a complaint generally must indicate the specific cause of actions against Defendants, this requirement does not hold true for parties who are joined merely to effectuate relief.  ECF No. 57 at 5.

With respect to the joinder of the Trust, Plaintiffs acknowledge that in *Coverdell v. Mid-South Farm Equipment Ass'n*, the Sixth Circuit ruled that a Trust generally does not have the capacity to be sued.  335 F.2d 9, 13-14 (6th Cir. 1964); ECF No. 57 at 3.  Plaintiffs contend, however, that *Coverdell*'s holding does not foreclose the possibility of a trust being sued under certain circumstances and that the instant case presents such a circumstance.  Specifically, they argue that the Trust is a necessary party to ensure complete relief pursuant to Rule 19 as there remains substantial uncertainty regarding (1) whether the Trust is really organized as a Trust and (2) the true identity of the Trustee.  ECF No. 57 at 3-4.  Plaintiffs conclude that to dismiss the Trust at this stage of the litigation would be premature.  They assert, however, that they may amend their Amended Complaint, presumably to dismiss any unnecessary party, depending on information acquired during discovery.  ECF No. 57 at 4.

Lastly, Plaintiffs argue that the Court should refrain from making a determination

5

(1:10CV02532)

regarding whether the purported Trustee, PNC Bank, should be dismissed from the action. They

assert such a ruling would be inappropriate, given that PNC Bank is not an actual party to the

litigation.  ECF No. 57 at 4-5.

### IV.  Analysis

#### A.  The Trust is Not a Proper Party

Under Ohio law, the trustee is the legal owner of a trust.  *Fred Martin Motor Co. v. LML*

*Technologies, Inc.*, Case No. 5:07CV2475, 2008 WL 750555, at *1 (N.D. Ohio March 19, 2008)

(citing 91 O. Jur.3d Trusts § 299 (2008)).  As such, the trustee is the proper party defendant in a

suit involving a trust and a trust can be sued only through its trustees.  *Coverdell,* 335 F.2d at

13-14 (vacating a judgment against the trust); *see also Fred Martin Motor Co., supra,* at *1

(holding that a trust is not a distinct party entitled to exercise an independent right to removal);

*Trident Trust Co. Ltd. v. Anglo-American Credit Union, Inc.*, 2008 WL 2599891, at *2 (S.D.

Ohio June 26, 2008) (dismissing plaintiff's claim against the trust).

In the instant case, while Plaintiffs acknowledge the aforementioned case law, they argue

that the holdings of those cases are distinguishable.  They contend that the Trust is a necessary

party due to uncertainty regarding whether the Trust is a properly formed Trust and the correct

identity of the Trustee.  ECF No. 57 at 3-4.

In determining whether a party's joinder is required under Rule 19, a Court must first

determine whether that party is necessary to the action.  *PaineWebber, Inc. v. Cohen*, 276 F.3d

197, 200 (6th Cir. 2001).  A party is required to be joined, if feasible, when the Court cannot

6

(1:10CV02532)

accord complete relief in that party's absence.  Fed. R. Civ. P. 19(a)(1)(A).  Application of the

Rule is governed by the practicalities of the individual case.  *Local 670, United Rubber, Cork,*

*Linoleum and Plastic Workers of America, AFL-CIO v. International Union, United Rubber,*

*Cork, Linoleum and Plastic Workers of America, AFL-CIO,* 822 F.2d 613, 618 (6th Cir. 1987).

The determination of whether a party is necessary pursuant to Rule 19(a) is within the discretion

of the District Court.  *PaineWebber, Inc.,* 276 F.3d at 200.

The record contains no indication that the Trust was improperly formed.  Moreover, prior

to Plaintiffs submitting their Amended Complaint, movants submitted a disclosure statement

informing the Court and Plaintiffs of the true identity of the Trustee – PNC Bank.[2]  Given that

there is (1) insufficient evidence on the record supporting Plaintiffs' averment that the Trust is

not a properly formed Trust, and (2) sufficient evidence that PNC Bank is the proper Trustee,

Plaintiffs have failed to establish that the Trust is a necessary party to this action and that

complete relief cannot be provided without it.  As the Court has been given no reason to depart

from the Sixth Circuit's instruction that a Trust can only be sued through its Trustee, the Trust is

dismissed as a party from the instant litigation.  *Coverdell,* 335 F.2d at 14; *PaineWebber, Inc.,*

276 F.3d at 200.

**B.  PNC Defendants are Not Proper Parties**

The Court finds that the Joinder of the PNC Defendants is also improper.  Although

---

[2]  The Trust's disclosure statement was filed six days before Plaintiffs' Amended
Complaint.  ECF No. 16 at 1.

7

(1:10CV02532)

Plaintiffs cite to case law which holds that Trustees are necessary parties under Rule 19, such case law is clearly inapplicable in this case.  *See Beverly Hills Federal Savings & Loan Association*, 406 F.2d at 1279-1280.  As indicated above, the record reflects that the PNC Defendants are not Trustees.  Rather, PNC Bank holds this title.  Despite Defendants' disclosure statement identifying Defendant PNC Financial Services Group, Inc. as the parent company of the Trustee, Plaintiffs present no argument indicating that Defendant PNC Financial Services Group, Inc., as parent company of the Trustee, is a necessary party to accord complete relief.  Thus, in the absence of evidence indicating otherwise, the Court dismisses the PNC Defendants from the instant action.

### C.  The Court Declines to Issue a Ruling Regarding PNC Bank

PNC Bank is not a party to this litigation.  Accordingly, a ruling determining whether PNC Bank is a proper party to the instant matter would be advisory at worst and premature at best.  Thus, the Court refrains from making such a decision.

### V.  Conclusion

For the reasons stated above, the Court grants the instant motion to dismiss.  ECF No. 34.

Defendants American Workers Master Benefit Trust - UWUA Local 270, PNC Investments, LLC, and The PNC Financial Services Group, Inc are dismissed.

IT IS SO ORDERED.


 September 30, 2011                                   */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson

8